UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| STACY MICHAEL MEAUX | CIVIL ACTION NO. 17-0203 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LA. OFFICE OF GOVERNOR, ET AL. | MAG. JUDGE PATRICK J. HANNA |

### MEMORANDUM ORDER

Pending before the Court are two Motions for Temporary Restraining Orders [Doc. Nos. 4 & 5] filed by *pro se* Plaintiff Stacy Michael Meaux. According to Meaux, individuals are trespassing on his property.

Meaux brought suit against the Louisiana Office of Governor, Louisiana Attorney General Office, Sheriff Couvillion, Abbeville City Council, Larry Moore, State of Louisiana, and Keith Scott for violating his civil rights. [Doc. No. 1]. Meaux first moves the Court to issue a temporary restraining order against Defendant Keith Scott as follows:

> Motion for restraining order for Keith Scott I am constantly catching him on this side of the fence when I don't have video clips on the security system. He keeps saying he has property right on going on this side of fence. There is a state law that when a fence has been there over 30 years so is the property line. Also the only workman's comp had on me was when my father and cousin put trash on his side of the property line he waited till my dad and cousin left to demand me to bring it back on my side. I never left the house except to get food and doctor's appointment. He was always at work never messed till that day and so was the investigator. Hours later a smaller check from workman's comp came out. And after buying an overpriced house they bought two very pricey vehicles.

[Doc. No. 4].

Next, Meaux moves the Court to issue a temporary restraining order against Defendant Larry

Moore as follows:

> Motion for restraining order that Larry Moore cannot come within 500 feet of 1404 Maude Ave. He is always coming around the house and thing are always broken when he is there. Like for instance the meter box. The defendant was in charge of the electrical at the time that I was told by the city that I needed to have the meter box changed which the code was much different back then. So I had to change $2500 worth of the wiring on the house. There was a gas pipe that was rusted and I check the pipes for problems once a month didn't see anything that need to be changed. There was a 3 inch piece of pipe that was rusted in one spot the rest of the line was fine. If he isn't doing it he knows who is and won't tell anyone.

[Doc. No. 5].

For the following reasons, Meaux's Motions for Temporary Restraining Orders [Doc. Nos. 4 & 5] are DENIED.

To obtain a temporary restraining order, "the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

Meaux's motions are procedurally deficient in that he does not demonstrate specific facts in an affidavit or a verified complaint clearly showing that immediate and irreparable injury will result to him in the absence of a temporary restraining order, as required by Federal Rule of Civil Procedure 65. Meaux has also failed to certify "in writing any efforts made to give notice and the reasons why it should not be required," as provided under Federal Rule of Civil Procedure

65(b)(1)(B).[1] Finally, the Court finds that, he has not made a clear showing that there is a substantial threat of irreparable harm or that he has failed to establish any of the four factors to obtain a temporary restraining order.

Under these circumstances,

IT IS ORDERED that Meaux's Motions for Temporary Restraining Orders [Doc. Nos. 4 & 5] are DENIED.

MONROE, LOUISIANA, this 10th day of February, 2017.

*Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Although Rule 65(b)(1)(B) requires certification from the "movant's attorney," courts have held the provision applicable to *pro se* parties as well. *See, e. g., Turner v. Clelland*, 2016 WL 1069665 (M.D. N. Carolina, March 16, 2016); *Carter v. Clarke*, 2013 WL 4464613 (W.D. Va. Aug. 19, 2013); *Veres v. Wells Fargo Bank, N.A.*, 2012 WL 6814129 (D. Co. Dec. 19, 2012).