UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STACY MICHAEL MEAUX | CIVIL ACTION NO. 6:17-cv-00203 |
| VERSUS | JUDGE JAMES |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATIONS

Following initial review of the complaint filed by *pro se* plaintiff Stacy Michael Meaux, the undersigned Magistrate Judge recommends that the complaint be dismissed with prejudice because Mr. Meaux's claims have all prescribed.

## BACKGROUND

*Pro se* plaintiff Stacy Michael Meaux, proceeding *in forma pauperis*, filed the instant complaint on January 26, 2017. Although Mr. Meaux used a form for civil cases alleging that the defendant owes the plaintiff a sum of money, the complaint does not actually allege that Mr. Meaux is owed any money by any one or more of the defendants named in the suit. Therefore, having reviewed the complaint and other pleadings filed by the plaintiff in this lawsuit and being unable to discern the true nature of Mr. Meaux's claims, this Court found that an evidentiary hearing in the nature of a motion for more definite statement of the claims, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915(e)(2)(B), should be held. The hearing was held on April 20, 2017, and Mr. Meaux was permitted to

participate in the hearing by telephone because he was unable to arrange transportation from his home in Abbeville, Louisiana to the courthouse in Lafayette, Louisiana. Mr. Meaux appeared by telephone and testified at the hearing.

In the complaint that Mr. Meaux filed in the record, he stated that there was "a lack of having my Civil Rights from 1st, 4th, 6th, 8th." He also alleged that "the state allowed the parish to illegally frame me, to get my off the case with Smith Interration [sic] or neglectfully just didn't want Larry Moore and Keith Scott is." Mr. Meaux named several parties as defendants, namely, the Louisiana Attorney General's Office, the Louisiana Governor's Office, Vermilion Parish Sheriff Michael Couvillon, the City Council of the City of Abbeville, Larry Moore, and Keith Scott. He filed a motion for temporary restraining orders against Keith Scott (Rec. Doc. 4) and Larry Moore (Rec. Doc. 5), both of which were denied (Rec. Doc. 14). Sheriff Couvillon answered the suit. (Rec. Doc. 22). Mr. Meaux then filed a motion for entry of default as against the Governor's office, the Attorney General's office, the Abbeville City Council, Mr. Moore, and Mr. Scott (Rec. Doc. 24); he filed a motion to strike the sheriff's defenses (Rec. Doc. 29); and he filed a response to the sheriff's answer (Rec. Doc. 31). The sheriff filed a memorandum in opposition to the motion to strike. (Rec. Doc. 34).

Mr. Meaux's response to the sheriff's answer (Rec. Doc. 31) shed additional light on his claims. He alleged that the sheriff had an illegal wiretap on his home, illegally hacked his computer, and illegally entered his property. He alleged that his Fourth Amendment rights were denied in 2007. He alleged that his arrest for using inappropriate language was illegal because the language usage was caused by a traumatic brain injury. He alleged that his Second Amendment rights were violated, but offered no factual support for that contention. He alleged that he reported to the sheriff that sheriff's deputies were not doing things legally, that Deputy Drew David told him that deputies had come onto his property, and that if the sheriff had investigated more fully rather than accepting his deputies' statements, Mr. Meaux would not have been arrested and incarcerated. He further alleged that the pictures that were the basis of his criminal conviction were sent only to a 39-year-old woman. Finally, Mr. Meaux alleged that the state violated his First Amendment rights in lawsuits styled *Stacy Meaux v. Texaco and Ensco*, *Stacy Meaux v. Lucille Galtier*, and *Stacy Meaux v. Smith International*.

At the *Spears* hearing, Mr. Meaux was asked to list his claims and explain when the events underlying his claims occurred. The claims he articulated were (1) that Mr. Moore went onto his property, (2) that sheriff's deputies went onto his property, (3) that the state interfered with some lawsuits that he filed, (4) that the state

illegally wiretapped him, (5) that he was separated from a National Guard unit due to issues with the company's supply room, and (6) that the sheriff failed to properly investigate the alleged theft of Mr. Meaux's equipment. In general terms, these are the same claims asserted by Mr. Meaux in his complaint and in response to Sheriff Couvillon's answer to the complaint.

## ANALYSIS

**I.    THE STANDARD FOR DETERMINING WHETHER A COMPLAINT STATES A CLAIM**

Mr. Meaux has been allowed to proceed *in forma pauperis*. With respect to litigants proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2(B) states that "the court shall dismiss the case at any time if the court determines that. . . the action . . . fails to state a claim on which relief may be granted. . . ."

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[1] The plaintiff's obligation is "to provide the 'grounds' of his 'entitle[ment] to relief' [and] requires more than labels and conclusions."[2] The allegations must be sufficient "to raise a

---

[1]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2]    *Bell Atlantic v. Twombly*, 550 U.S. at 555, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

right to relief above the speculative level,"[3] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[4] Detailed factual allegations are not required, but a formulaic recitation of the elements of a cause of action will not suffice.[5] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[6]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] Furthermore, "determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[8]

Therefore, once the plaintiff's factual allegations are identified, the court must draw on its judicial experience and common sense and determine whether those facts,

---

[3]     *Bell Atlantic v. Twombly*, 550 U.S. at 555.

[4]     *Bell Atlantic v. Twombly*, 550 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[5]     *Bell Atlantic v. Twombly*, 550 U.S. at 555. See, also, *Ashcroft v. Iqbal*, 556 U.S. at 677-678.

[6]     *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[7]     *Ashcroft v. Iqbal*, 556 U.S. at 678.

[8]     *Ashcroft v. Iqbal*, 556 U.S. at 679.

which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

In deciding whether a complaint states a claim, the district court must limit itself to the contents of the pleadings, including any attachments thereto.[10] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[11] Conclusory allegations and unwarranted deductions of fact are not accepted as true.[12] Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[13] When a complaint asserts only time-barred claims, the complaint fails to state a claim on which relief may be granted by the court.[14]

---

[9] *Bell Atlantic v. Twombly*, 550 U.S. at 556; *Ashcroft v. Iqbal*, 556 U.S. at 678.

[10] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[12] *Collins v. Morgan Stanley*, 224 F.3d at 498; *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

[13] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. at 286).

[14] *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 758 (5th Cir. 2015); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) ("a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action."). See, also, *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir.

## II. THE REQUIREMENTS FOR A SECTION 1983 CLAIM

In his complaint, Mr. Meaux alleged that the defendants violated his constitutional rights. Although he does not mention 42 U.S.C. § 1983, this Court interprets his claims as Section 1983 claims.

Section 1983 does not create substantive rights;[15] it is a procedural rule that provides a private cause of action for redressing a violation of federal law. Therefore, an underlying constitutional or statutory violation is a predicate to any theory of liability under § 1983.[16] Generally, three elements must be established in a § 1983 action: (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor.[17] Because there is no federal statute of limitations for § 1983 claims, the forum state's statute of limitations for personal injury claims is borrowed and applied.[18] In Louisiana, the one-year prescriptive

---

1977) ("A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense.").

[15] *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).

[16] *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1575 (5th Cir. 1989).

[17] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

[18] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n. 5 (5th Cir. 1995); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

period established in Civil Code Article 3492 applies to § 1983 claims.[19] "Although state law controls the statute of limitations for § 1983 claims, federal law determines when a cause of action accrues."[20] Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[21]

### III. MR. MEAUX'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Mr. Meaux's first two claims are that Mr. Moore and unidentified sheriff's deputies went onto his property without his permission. He alleged that this activity began in 2007 and that he suspects Mr. Moore most recently went onto his property within the last couple of weeks. According to Mr. Meaux's allegations, Mr. Moore was formerly employed by the City of Abbeville as its electrical supervisor at some point in the past but is no longer employed in that capacity. Therefore, any recent forays by Mr. Moore onto Mr. Meaux's property do not meet the requirement that the claimed-of activity be conducted by a state actor. With regard to recent activity, Mr.

---

[19] *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)).

[20] *Rodriguez v. Holmes*, 963 F.2d at 803 (citing *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991)).

[21] *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); *Rodriguez v. Holmes*, 963 F.2d at 803.

Meaux may have a state-law trespassing claim against Mr. Moore but his factual allegations fall short of asserting a valid Section 1983 claim against Mr. Moore. Mr. Meaux did not allege that any sheriff's deputy was on his property within the past year. Accordingly, Mr. Meaux has not established that either Mr. Moore during his tenure as a city employee or any sheriff's deputy violated his constitutional rights by being on his property without permission during an actionable time period. Therefore, this claim is time barred.

Mr. Meaux's third claim is that the state interfered with lawsuits that he filed. In particular, Mr. Meaux contends that the state allegedly violated his First Amendment rights in lawsuits styled *Stacy Meaux v. Texaco and Ensco*, *Stacy Meaux v. Lucille Galtier*, and *Stacy Meaux v. Smith International*. During the *Spears* hearing, Mr. Meaux testified that all of these lawsuits have concluded, some of them being litigated all the way to the Louisiana Supreme Court. Mr. Meaux testified at the *Spears* hearing that the state's interference with the suit against Texaco and Ensco occurred in 2003. This Court's research indicates that there are nine reported decisions in the matter styled *Stacy Michael Meaux v. Lucille Galtier, et al* between 2004 and 2008. In a prior lawsuit[22] filed in August 2015, Mr. Meaux asserted similar

---

[22] *Meaux v. United States*, No. 6:15-cv-2165, 2015 WL 6692232 (W.D. La. Sept. 10, 2015), report and recommendation adopted No. 6:15-cv-2165, 2015 WL 6736860 (W.D. La. Nov. 3, 2015), aff'd 648 Fed. App'x 409 (5th Cir. 2016), cert. denied 137 S.Ct. 224 (2016).

allegations concerning his lawsuit against Smith International. That lawsuit concluded in October 2016 when the United States Supreme Court denied Mr. Meaux's petition for a writ of certiorari. Any activities underlying Mr. Meaux's claims concerning his suit against Smith International must have occurred before the prior lawsuit was filed in August 2015. There are no allegations that any acts or omissions related to Mr. Meaux's prior litigation occurred within the year preceding the filing of this lawsuit. At the hearing, Mr. Meaux stated that the actions he was complaining about occurred in 2003. Because those actions occurred more than one year before this suit was filed, all of Mr. Meaux's claims regarding his prior lawsuits are time barred.

Mr. Meaux's fourth claim is that his constitutional rights were violated when the state illegally wiretapped him. Although it is difficult to discern from the face of his pleadings or from his testimony at the *Spears* hearing, it appears that this claim has to do with the transmission of photographs by computer that led to Mr. Meaux's arrest and conviction. At the *Spears* hearing, Mr. Meaux maintained that he sent photographs to a thirty-nine year old woman in August 2012. He also testified that his incarceration lasted from September 17, 2012 until April 10, 2013. Thus, any actions by the state having to do with obtaining photographs from Mr. Meaux's

computer related to his criminal conviction occurred more than one year before the instant lawsuit was filed. Accordingly, this claim is time barred.

Mr. Meaux's fifth claim is that he was separated from a company or military unit due to issues with the company's supply room. At the *Spears* hearing, Mr. Meaux was asked when this activity occurred. His response was that this goes back to 1997 or 1998. Because the activities complained about did not occur within the one-year time period preceding the filing of this lawsuit, the claim is time barred.

Mr. Meaux's final claim is that the sheriff failed to properly investigate the theft of his equipment from a house where he was staying. At the *Spears* hearing, Mr. Meaux stated that this occurred in 2013 right after he was released from jail. To state a valid claim cognizable by this Court, Mr. Meaux would have had to file his claim not more than one year after the events underlying his claim occurred. As with his other claims, however, more than one year elapsed between the events complained of and the filing of the lawsuit. Accordingly, this claim is time barred.

Under some circumstances, a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which the court can grant relief should be without prejudice. However, when it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved, the dismissal should be

with prejudice.[23] In this case, Mr. Meaux's testimony with regard to the timing of the events underlying his claims persuades this Court that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Accordingly, this Court concludes that Mr. Meaux's time-barred claims should be dismissed with prejudice.

## IV. PENDING MOTIONS

Currently pending are Mr. Meaux's deficient motion for entry of default as against all of the defendants except Sheriff Couvillon (Rec. Doc 24) and Mr. Meaux's motion to strike Sheriff Couvillon's defenses (Rec. Doc. 29). Having found that Mr. Meaux's complaint should be dismissed with prejudice because it fails to state a claim upon which relief can be granted, this Court concludes that the pending motions are moot.

## CONCLUSION

The events underlying all six of Mr. Meaux's claims occurred more than one year before he filed this lawsuit. But a Section 1983 claim must be filed not more than one year after the actions or omissions complained about. Therefore, all of Mr. Meaux's claims are time barred. Because his claims are time barred, Mr. Meaux has

---

[23] *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 509 (5th Cir.1999); *Guerrero v. Hauck*, 502 F.2d 579, 580 (5th Cir. 1974). See, also, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

not stated a claim upon which relief can be granted. Accordingly, this Court recommends that all of Mr. Meaux's be dismissed with prejudice, and this Court further recommends that Mr. Meaux's pending motions (Rec. Docs. 24 and 29) should be dismissed as moot.

Signed at Lafayette, Louisiana, this 24th day of April 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE